UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LIBERTY STONE & AGGREGATES –
CLINTON QUARRY, LLC,

          Plaintiff,

          v.

PENN JERSEY MACHINERY, LLC, et al.,

          Defendants.

Civil Action No. 19-9911 (FLW) (ZNQ)

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Plaintiff Liberty Stone & Aggregates – Clinton Quarry's ("Liberty") Motion for Leave to File First Amended Complaint ("Motion"). (ECF No. 24.) Defendants Penn Jersey Machinery ("Penn Jersey") and Flagler Construction Equipment, LLC ("Flagler") (collectively as, "Defendants") opposed, (Defs.' Opp'n, ECF No. 25), and Liberty replied, (Pl.'s Reply, ECF No. 26). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Liberty's Motion is granted in part and denied in part.

**I.**     **BACKGROUND**

On November 5, 2018, Liberty filed a Complaint, seeking money damages for a broken-down excavator and resulting loss to its business. (Compl. ¶¶ 5-10, ECF No. 1-3.) Defendants removed the case to this Court on April 15, 2019. (Notice of Removal, ECF No. 1.) Liberty's seven count complaint alleged, among other things, that Penn Energy sold Plaintiff an excavator which was "defective and/or not suited for the purpose for which it was intended," and failed to provide a substitute while the excavator was being repaired. (Compl. ¶¶ 11-36.)

Following the initial conference, the Court entered a Pretrial Scheduling Order, setting the deadlines to amend the pleadings as August 14, 2019, and the deadline for fact discovery as November 8, 2019. (Pretrial Scheduling Order ¶¶ 8, 10, ECF No. 5.) On November 6, 2019, the Court entered a Text Order extending fact discovery through February 28, 2020. (Text Order 1, ECF No. 11.) On February 6, 2020, the Court entered another Text Order extending fact discovery through June 30, 2020. (Text Order 2, ECF No. 17.) On June 2, 2020, the Court again entered a Text Order extending fact discovery through December 31, 2020. (Text Order 3, ECF No. 20.) Between April 15, 2019 and now, there have been eight status updates with the Court. (*See generally* Docket.)

On September 11, 2020, Liberty filed the instant Motion. (Mot.) Liberty seeks to amend its Complaint and add one new defendant, Hoffman Equipment Inc. ("Hoffman"), and replace Defendant Flagler with its parent corporation, Flagler CE Holdings, LLC ("Flagler CE") (Mov. Br. at 3, ECF No. 24-1.)

## II.   DISCUSSION

### A.   Rule 15(a)(2) and 16(b)(4)

Rule 15(a)(2) authorizes a party to amend its pleadings "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further instructs that "[t]he court should freely give leave when justice so requires." Though within the discretion of the Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

2

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 144 (D.N.J. 1998) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir.1978)) (alteration in original). "[D]elay alone does not justify denying a motion to amend." *Allegheny Plant Servs., Inc. v. Carolina Cas. Ins. Co.*, No. 14-4265, 2017 WL 772905, at *4 (D.N.J. Feb. 27, 2017). "[T]he non-moving party must establish that the amendment 'unfairly disadvantage[s] or deprive[s] [it] of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" *Phillips*, 179 F.R.D. at 144 (quoting *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir.1981)) (second, third, and fourth alteration in original). "The prejudice to the opposing party is greater where the tardy amendment will require a reopening of discovery, and it is lessened when the new issue presents solely an issue of law to be determined upon application to the existing facts." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990). "[I]ncidental prejudice to the opponent is not a sufficient basis for denial of an amendment; such prejudice becomes 'undue' when the opponent shows it would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered . . . .'" *Id.* at 468 (quoting *Heyl & Patterson Int'l, Inc.*, 663 F.2d at 426) (omission in original). "A court may seek to mitigate the potential prejudice to the non-moving party by granting the amendment but limiting the permissible scope of future discovery." *Capital Health Sys., Inc. v. Veznedaroglu*, No. 15-8288, 2019 WL 6324006, at *6 (D.N.J. Nov. 26, 2019).

Where the deadline to amend the pleadings as set by the Pretrial Scheduling Order has passed, the party seeking to amend must satisfy Rule 16(b)(4)'s "good cause" standard. *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 84 (3d Cir. 2005); *E. Minerals*

*& Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). "Good cause depends on the diligence of the moving party." *Capital Health Sys., Inc.*, 2019 WL 6324006, at *5. "A court must determine whether the movant possessed, or through diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline's expiration." *Id.* "A Magistrate Judge has the discretion to decide what kind of showing the moving party must make to satisfy Rule 16(b)(4)'s good cause requirement." *Id.* As discussed below, Liberty fails to make a showing of "good cause" under Rule 16(b)(4), and within the Court's broad discretion in determining "good cause", the Court need not conduct an analysis of the Rule 15(a)(2) factors.

Liberty contends that it should be permitted to amend its Complaint because it learned, in response to supplemental discovery requests that "Hoffman Equipment, Inc. had acquired the Volvo CE distribution rights from Defendant Penn Jersey." (Mov. Br. at 3.) Liberty further claims Flagler CE, as the parent company of both Flagler and Penn Jersey, "should be substituted as the properly named defendant, and Flagler [], as a sister company, should be dismissed from the action. (*Id.*)

First, as to replacing Flagler with its parent, Flagler CE, Defendants argue that Liberty knew since April 15, 2019, the date of removal to this Court, that Flagler CE was the parent corporation of Penn Jersey. (Defs.' Opp'n at 8-9; Corporate Disclosure Form, ECF No. 1-2.) Furthermore, in response to multiple discovery requests, Defendants continuously made abundantly clear that Flagler was Penn Jersey's sister company and Flagler CE was the parent of both Flagler and Penn Jersey. (Defs.' Opp'n 3-4; *see e.g.,* Defs.' Opp'n Ex. G, ECF No. 25-1.) Liberty knew of Defendants' corporate structure for over one year and four months before deciding to seek amendment to replace Flagler with Flagler CE. Therefore, the Court finds that Liberty has not satisfied Rule 16(b)(4)'s "good cause" requirement.

Furthermore, Liberty and Defendants have both requested that Defendant Flagler be dismissed because it is Penn Jersey's sister company, which had no control over Penn Jersey's contract with Liberty. (*See* Mov. Br. at 3; *see also* Defs.' Opp'n at 14; Pl.'s Reply at 2-3.) Thus, the Court finds good cause to dismiss Flagler from the case.

As to adding Hoffman as a party, Liberty again fails to meet Rule 16(b)(4)'s "good cause" requirement. Liberty claims that Defendants disclosed for the first time in June and July 2020 that Hoffman had acquired the Volvo CE distribution rights from Penn Jersey in November 2018. (Mov. Br. at 3.) Defendants claim that Liberty knew of the agreement between Hoffman and Penn Jersey as early as November 2018, immediately prior to the agreement being signed. (Defs.' Opp'n at 1-2, 8-9.) Liberty, in its reply, does not dispute this. Instead, Liberty claims it sought the purchase agreement between Hoffman and Penn Jersey to "verify Defendants' assertion" that Penn Jersey would have sought dismissal if the agreement assigned liability to Hoffman. (Pl.'s Reply at 3-4; Mov. Br. at 12.) Furthermore, Liberty argues that amendment is appropriate because Hoffman knew of "Plaintiff's claim and lawsuit from the outset." (Pl.'s Reply at 3.) The Court finds Defendants' argument that Liberty knew of the agreement between Hoffman and Penn Jersey long before the filing of this Motion and prior to the deadline to amend the pleadings set forth in the Pretrial Scheduling Order, persuasive. Additionally, Liberty has not disputed nor provided any arguments to the contrary. Therefore, Liberty's request to add Hoffman as a party is without "good cause."

### III.   CONCLUSION AND ORDER

Accordingly, Liberty has failed to meet Rule 16(b)(4)'s "good cause" standard for amending its Complaint to add Hoffman, replace Flagler with Flagler CE but, has provided "good cause" to dismiss Flagler.

For the reasons stated above, and other good cause shown,

**IT IS** on this 5th day of November, 2020 **ORDERED** that:

1. Liberty's Motion for Leave to File First Amended Complaint (ECF No. 24) is **GRANTED** in part and **DENIED** in part.

2. Plaintiff's request to add Hoffman Equipment Inc and Flagler CE Holdings, LLC is **DENIED.**

3. Plaintiff's request to dismiss Defendant Flagler Construction Equipment, LLC is hereby **GRANTED**. Therefore, Defendant Flagler Construction Equipment, LLC is hereby dismissed.

_____
ZAHID N. QURAISHI
UNITED STATES MAGISTRATE JUDGE